a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRANDON Q DAVENPORT #486187,<br>Petitioner | CIVIL DOCKET NO. 5:25-CV-00597<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| A CUPP,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus and corresponding Motion to Stay (ECF No. 1) filed by pro se Petitioner Brandon Q. Davenport ("Davenport"). Davenport is incarcerated at Richland Parish Detention Center in Rayville, Louisiana. He challenges a conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because additional information is needed to review the Petition and Motion, Davenport must AMEND.

### I. Background

Davenport was convicted of felony carnal knowledge of a juvenile. He was sentenced to 15 years of imprisonment as a second felony habitual offender. *State v. Davenport*, 55,461, p. 1 (La.App. 2 Cir. 1/10/24); 379 So.3d 821. Davenport's conviction and sentence were affirmed by the appellate court. *Id.* He filed a writ application in the Louisiana Supreme Court, which was not considered because it was untimely filed. *State v. Davenport*, 2024-00429 (La. 5/21/24); 385 So.3d 246 (citing

Louisiana Supreme Court Rule X, § 5(a)), *reconsideration denied*, 2024-00429 (La. 9/17/24); 392 So.3d 636.

Davenport requests that his habeas claim be stayed pending the complete exhaustion of his state remedies. ECF No. 1.

## II.  Law and Analysis

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). The exhaustion requirement is satisfied when the substance of a federal habeas claim has been fairly presented to the highest state court in a procedurally proper manner, in accordance with the rules of the state court. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387; *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

The Louisiana Supreme Court refused to consider Davenport's writ application, concluding that it was untimely filed. If Davenport's writ application was not timely filed, then the Louisiana Supreme Court was denied a fair opportunity to consider the claims. Accordingly, Davenport may amend his Petition to show that his writ application to the Louisiana Supreme Court was filed within 30 days of the appellate court's ruling.

Additionally, Davenport must amend to show that the § 2254 Petition is timely. The applicable one-year prescriptive period runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Davenport does not allege whether he filed an application for post-conviction relief in state court. He should amend his Petition accordingly.

IT IS ORDERED that Davenport AMEND the Petition within 30 days of the date of this Order to provide: (1) the date on which his writ application on direct appeal was signed and mailed to the Louisiana Supreme Court; (2) a copy of the writ application sent to the Louisiana Supreme Court; (3) whether he filed an application for post-conviction relief in the trial court and, if so, the date on which the application was filed; and (4) a copy of any post-conviction application or other documents related to post-conviction review.

SIGNED on Monday, June 23, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE